

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2006

# Hardee v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hardee v. Comm Social Security" (2006). *2006 Decisions.* Paper 699.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/699

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3556

ADDIE HARDEE,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
HON. JO ANNE B. BARNHART

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 04-cv-03801
District Judge:  The Honorable Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2006

Before: BARRY, VAN ANTWERPEN and SILER,[*] Circuit Judges

(Filed:  July 25, 20006 )

OPINION

_____

[*] The Honorable Eugene E. Siler, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

BARRY, <u>Circuit Judge</u>

Addie M. Hardee appeals from an order of the United States District Court for the District of New Jersey. The District Court affirmed the decision of the Commissioner of Social Security denying Hardee's application for disability insurance benefits. Because we agree that there is substantial evidence in the record to support the Commissioner's decision, we will affirm.

## I. **BACKGROUND**

We write primarily for the parties, who are familiar with the facts and procedural history of the case, and so will limit our discussion to those facts bearing directly on our disposition of this appeal. Hardee applied for Social Security disability insurance benefits on November 21, 2001, alleging that she became disabled on May 4, 1998 due to hypertension, high cholesterol, diabetes, and fatigue. The Administrative Law Judge ("ALJ") determined that she was not engaged in substantial gainful activity and has severe impairments, thus satisfying the first two steps of the five-step process for determining whether a claimant qualifies for disability benefits. *See* 20 C.F.R. § 404.1520. At step three, however, the ALJ found that Hardee's impairments did not meet or equal the requirements for a listed impairment. *See* 20 C.F.R. Part 404, Subpart P, App. 1. Proceeding to step four, the ALJ determined that Hardee retained the residual functional capacity ("RFC") to perform light work, including her past relevant work as a

2

teacher, and therefore was not disabled within the meaning of the Social Security Act.[1]

The District Court affirmed the ALJ's decision on July 13, 2005. This timely appeal

followed.

## II. <u>DISCUSSION</u>

Hardee alleges that the ALJ committed several errors in rejecting her application.

First, she claims the ALJ erred by failing to consult a medical expert. Social Security

regulations permit—but do not require—an ALJ to "ask for and consider opinions from

medical experts on the nature and severity of [a claimant's] impairment(s)," and whether

they equal the requirements of a listed impairment. 20 C.F.R. § 404.1527. Similarly,

Social Security Ruling 96-6p (1996) provides that an ALJ must obtain an updated medical

opinion from a medical expert if, and only if, the ALJ believes that "the symptoms, signs,

and laboratory findings reported in the case record suggest that a judgment of equivalence

may be reasonable; or [w]hen additional medical evidence is received that in the opinion

of the [ALJ] may change the State agency medical or psychological consultant's finding

that the impairment(s) is not equivalent in severity to any impairment in the Listing of

Impairments." These authorities accord an ALJ broad discretion in determining whether

---

[1] RFC "is defined as that which an individual is still able to do despite the limitations caused by his or her impairments." *Burnett v. Commissioner*, 220 F.3d 112, 121 (3d Cir. 2000). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567.

3

to consult with a medical expert, and we do not believe the ALJ erred by deciding that a consultation was not necessary in this case. The ALJ based his findings on a thorough analysis of the medical evidence, including reports and notes from numerous medical professionals. This evidence was adequate and supported the ALJ's decision.

Hardee also contends that the ALJ did not properly analyze her subjective complaints of pain and functional limitations. We once again disagree. When a claimant complains of pain and establishes the existence of a medical impairment that could reasonably be expected to produce the pain, the ALJ must "determine the extent to which [the] claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). To make this determination, the ALJ may consider: (1) daily activities; (2) the duration, frequency, location, and intensity of the pain or other symptoms; (3) precipitating and aggravating factors; (4) the "type, dosage, effectiveness, and side effects of any medication . . . taken to alleviate [the] pain or other symptoms"; (5) "treatment, other than medication . . . received for relief of [the] pain or other symptoms"; (6) any other measures used to relieve the pain or symptoms; and (7) "other factors concerning . . . functional limitations and restrictions due to pain or other symptoms" 20 C.F.R. § 416.929(c)(3).

The ALJ found that Hardee's "allegations of totally disabling pain and limitation are not supported by the objective evidence in the record and therefore cannot be considered entirely credible." (A.R. at 22.) As the ALJ noted, Hardee was capable of

4

shopping and completing household chores, and engaged in activities such as driving, socializing, and going to movies. Moreover, she was not taking any prescription medication for pain, and in July 2001 her primary care physician noted that she suffered from only "intermittent pain, [which was] relieved by Tylenol." (A.R. at 23.) Although she had utilized bronchodilators and oxygen in the past to treat her shortness of breath, she had not used either in over three years; indeed, she failed to list any medication for shortness of breath in her Disability Report, and did not even mention shortness of breath among the conditions that limited her ability to work. With respect to precipitating and aggravating factors, Hardee admitted that she had a long history of smoking cigarettes, and stopped only a few months before the hearing. In short, substantial evidence supports the ALJ's finding that Hardee's allegations of totally disabling pain and limitation were not fully credible.

Finally, we reject Hardee's contention that this matter should be remanded for consideration of additional medical evidence—specifically, hospital records pertaining to her hospitalization for the period of March 31 through April 5, 2004. Under sentence six of § 405(g), a remand is warranted when new evidence becomes available, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). For evidence to be "material," it must "relate to the time period for which the benefits were denied, and . . . not concern evidence of a later-acquired disability or of the

5

subsequent deterioration of the previously non-disabling condition." *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984).

Because Hardee was only insured for disability benefits purposes through December 31, 2003, she must establish disability on or before that date. The hospital reports document her condition on March 31 through April 5, 2004—three months after the relevant period ended. If the reports of that hospitalization are indicative of anything, it is a "subsequent deterioration of the previously non-disabling condition." Those reports do not, however, suggest that her condition had reached this stage on or before the date of the hearing before the ALJ.[2] Accordingly, we decline to remand for consideration of the additional medical evidence.

### III. CONCLUSION

For the foregoing reasons, we will affirm the July 13, 2005 order of the District Court.

---

[2] Given this conclusion, we need not reach the issue of whether there was good cause for Hardee's failure to incorporate those medical reports into the record before the ALJ. We note, however, that Hardee was discharged from the hospital on April 5, 2004 – nine days before the ALJ issued his decision.